IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHAEL GLENN EVANS, | No. 1:14-CV-00145-CL |
| Plaintiff, | |
| | REPORT & RECOMMENDATION |
| v. | |
| JACKSON COUNTY; MIKE WINTERS, personally; DEPUTY MERCK, personally; DEPUTY LANDFAIR, personally; | |
| Defendants. | |

CLARKE, Magistrate Judge.

Plaintiff Michael Glenn Evans ("Evans") brings this action against Jackson County (the "County"), County Sheriff Mike Winters ("Sheriff Winters"), County Deputy Merck ("Deputy Merck"), and County Deputy Landfair ("Deputy Landfair") (collectively, the "Defendants") alleging excessive force in violation of the Fourth Amendment and a Monell violation of the Fourth Amendment. Currently before the court is Defendants' motion for dismissal of Evans' Monell claim. For the reasons stated below, Defendants' partial motion to dismiss (#6) should be GRANTED in part and DENIED in part.

Page 1 – REPORT AND RECOMMENDATION

## BACKGROUND

The court assumes the following allegations are true for the limited purpose of ruling on Defendant's motion to dismiss:

On April 30, 2012, Evans was an inmate in the Jackson County Jail ("Jail"). Compl. ¶ 8. Deputies gave Evans a new set of underwear. Compl. ¶ 8. Evans complained that the garment was two to three sizes too large and dropped it on the ground. Compl. ¶ 8. In response, Deputy Landfair shoved Evans face first into a concrete wall. Compl. ¶ 10. Deputy Merck threw Evans to the ground, causing him to strike his head on the floor and break his glasses. Compl. ¶ 11. Deputy Merck forcefully cuffed Evans, causing abrasions on his wrists, and lead him down the hall while threatening to taser him. Compl. ¶¶ 12-13. Deputy Merck pushed Evans face first into an elevator wall. Compl. ¶ 14. Deputy Merck thrust Evans into a holding cell and ordered him to kneel on the bench and spread his knees. Compl. ¶ 15. When Evans did not comply in time, Deputy Merck swung Evans' head into the cell's concrete wall, knocking him unconscious. Compl. ¶ 15. The deputies left Evans in the cell, bloody and unattended, for hours. Compl. ¶ 16.

Three other known federal lawsuits have been filed against Jackson County for the use of excessive force against inmates from 2010-2012, including <u>Alvarez v. Jackson County et al.</u>, <u>Rodrigues v. Jackson County et al.</u>, and <u>Williams v. Jackson County et al.</u>. Compl. ¶ 21. These suits make allegations similar to Evans'. Compl. ¶ 21. For instance, Rodrigues alleges that a Jail official asked him if he would like any injuries to his head or face, calling them "Jackson County Jail's specialty." Compl. ¶ 21.

## STANDARD

Under Fed. R. Civ. P. 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not

whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and draw all reasonable inferences in the plaintiffs' favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of additional facts. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). The court must also consider whether granting leave to amend will result in undue prejudice to the opposing party, is sought in bad faith or for a dilatory motive, is futile, or creates undue delay. U.S. ex. rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

## DISCUSSION

Defendants move to dismiss Evans' Monell claim. In Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-92 (1978), the United States Supreme Court held that municipalities are considered "persons" under 42 U.S.C. § 1983 and thus can be held liable for civil rights violations where, "under color of some official policy, [the local governmental entity]

'causes' an employee to violate another's constitutional rights." Under this "official policy" requirement, a municipality may be held liable for an employee's injurious action only if the municipality is directly responsible for the violation. Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002). Traditional respondeat superior liability — that is, liability stemming strictly from the employee-employer relationship — does not apply. Monell, 436 U.S. at 691.

In order to hold the County liable for its deputies' alleged conduct, Evans must establish that (1) the deputies infringed on his constitutional rights, (2) the County had a policy; (3) the County's policy amounted to "deliberate indifference" to Evans' constitutional rights, and (4) the policy was the "moving force" behind the constitutional violation. Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389–91 (1989)). To sufficiently plead the "policy" element, Evans must allege facts that show: (1) the injurious act was the result of a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) the bad actor was an official "whose edicts or acts may fairly be said to represent official policy;" or (3) "an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." Ulrich, 308 F.3d at 984–85.

I.      **Ratification Theory of Municipal Liability**

Under the ratification theory, a municipality can be held liable for a subordinate's constitutional violation if a final policymaker ratifies both the subordinate's decision and the decision's unconstitutional basis. Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004). "The policymaker must have knowledge of the constitutional violation and actually approve of it. A mere failure to overrule a subordinate's actions, without more, is insufficient." Id.

Evans' complaint does not set forth any facts indicating that Sheriff Winters had knowledge of the deputies' alleged unlawful actions or that he in any way endorsed their conduct. Instead, the complaint merely asserts that Winters "knowingly ratified and approved of [the] deputies excessive force." Compl. ¶ 20. This conclusory allegation, without more, fails to establish a plausible ratification claim. Accordingly, Defendants' motion should be granted as to Evans' Monell claim under the ratification theory and Evans should be given leave to amend his complaint.

## II.     Custom, Policy, or Practice Theory of Municipal Liability

In the alternative, Evans alleges the County has "a custom, unwritten policy or practice [of using] excessive force on inmates." Compl. ¶ 21. In support of this contention, Evans pleads the existence of an unlawful trend, alleging that his experience was not an isolated event. Trevino v. Gates, 99 F.3d 991, 918 (9th Cir. 1996) ("liability for improper custom may not be predicated on isolated or sporadic incidents."). He cites to three other inmates' claims of excessive force against the County and alleges two County deputies used such force against him. Compl. ¶¶ 10-11, 21. Furthermore, one of the cited complaints alleges that a Jail official referred to head and facial injuries — like those sustained by Evans — as the Jail's "specialty." Compl. ¶ 21.

Defendants argue Evans' claim amounts to nothing more than mere labels and conclusions. We disagree. The Ninth Circuit has held similar allegations to be sufficient to establish a triable issue of fact regarding the existence of an unlawful custom. Henry v. County of Shasta, 132 F.3d 512, 518 (9th Cir. 1997), amended on denial of reh'g, 137 F.3d 1372 (9th Cir. 1998). In Henry, a § 1983 case arising from the detention of a motorist after a traffic stop, the Ninth Circuit concluded that three pieces of evidence raised a genuine issue of material fact

as to whether the county had a policy of violating motorists' rights: (1) two people's testimony that they suffered similar abusive treatment at the hands of the defendant, (2) the plaintiff's testimony that multiple defendant employees participated in the violation of his constitutional rights, and (3) a medical record noting the defendant previously subjected plaintiff to the same treatment. Id. If such evidence is sufficient to overcome a motion for summary judgment, then surely Evans' comparable claims may proceed past the pleading stage. Drawing all reasonable inferences in Evans' favor, it is plausible to conclude that Evans' alleged experience, paired with the other inmates' claims, are of "sufficient duration, frequency, and consistency" to establish the existence of a well-settled County custom. Trevino, 99 F.3d at 918. Accordingly, Defendants' motion should be denied as to Evans' Monell claim under the longstanding practice or custom theory of municipal liability.

## RECOMMENDATION

For the reasons stated above, Defendants' partial motion to dismiss (#6) should be GRANTED as to Evans' Monell ratification claim and DENIED as to Evans' Monell custom claim. Evans should be given leave to file an amended complaint.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. Fed. R. Civ. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. Id.

DATED this 23 day of June 2014.

_____
MARK D. CLARKE
United States Magistrate Judge