IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL EVANS,

        Plaintiff,

   v.

JACKSON COUNTY, et al.,

        Defendants.

No. 14-cv-00145-AA

**ORDER**

AIKEN, J.

    Plaintiff Michael Evans brings this civil rights action for excessive force against Jackson County, and Jackson County Sheriff's deputies Kenneth Merck and Kenneth Landfair. Plaintiff alleged that while he was an inmate in the Jackson County Jail, the defendant deputies used excessive force on him. He also alleged that Jackson County had a custom of allowing deputies to use excessive force on inmates.

    After a trial, the jury returned a verdict for Defendants, and this court entered judgment accordingly.

    Plaintiff now moves for a new trial. I deny the motion.

1 - ORDER

**LEGAL STANDARDS FOR NEW TRIAL MOTIONS**

A district court may grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Grounds for granting a new trial include "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (citing *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940)). Although the district court "may weigh the evidence and credibility of the witnesses, the court is not justified in granting a new trial 'merely because it might have come to a different result from that reached by the jury.'" *Roy v. Volkswagen of Am., Inc.,* 896 F.2d 1174, 1176 (9th Cir. 1990) (quoting *Wilhelm v. Associated Container Transp. (Austl.) Ltd.,* 648 F.2d 1197, 1198 (9th Cir. 1981)).

**DISCUSSION**

**I.  Excessive Force Claim Against the Two Deputies**

Plaintiff argues that this court should grant a new trial based on "the weight of incontrovertible closed circuit video evidence, the evidence of injuries by testimony and photos and the complete absence of any admissible evidence to justify any use of force, never mind excessive use of force." Pl.'s Mot. for New Trial 3, ECF No. 83.

Defendants respond that the jury's verdict was supported by ample evidence. The jury could credit the testimony of the defendant deputies that they disciplined Plaintiff because of his failure to

2 - ORDER

follow direct orders during the clothing exchange. Although Plaintiff testified about the extent of his injuries, he did not present expert medical testimony to support his claims.

Defendants challenged the credibility of Plaintiff's inmate witnesses, Joshua Fowlkes and Timothy Phelps. Fowlkes testified on direct testimony that he had seen signs of injuries to Plaintiff's face and body when Plaintiff was returned to the general population after the incident. On cross-examination, however, Fowlkes admitted that he was not in the jail when Plaintiff was returned to the general population. Phelps testified that during the clothing exchange, Plaintiff merely dropped a pair of underwear on the floor. The video of the incident, however, shows what appears to be a piece of clothing thrown from inside the cell toward one of the deputies. Similarly, although Plaintiff testified that a deputy threw him face first into the back of an elevator, the video evidence did not support Plaintiff's testimony.

Resolving an excessive force claim will "almost always turn on a jury's credibility determinations." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002). Here, the jurors heard conflicting interpretations of the evidence. They watched the video of the incident several times, both during the presentation of evidence at trial and again during deliberations. The video was not "incontrovertible" proof of excessive force, as Plaintiff argues, but instead tended to support Defendants' testimony. The jury could choose to credit the deputies' testimony on the amount of force used and their justification for it. In short, Plaintiff has not shown

3 - ORDER

that the jury's verdict was against the clear weight of the evidence.

## II. Municipal Liability Claim Against Jackson County

To prevail on his claim against Jackson County, Plaintiff needed to prove that the alleged excessive force was inflicted pursuant to a County custom or practice. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

To show an improper custom, Plaintiff presented the testimony of his wife, a Jackson County employee who had worked for years in the jail building. She testified that during her years working for the County, she had heard deputies joke about using excessive force. She also testified that Jackson County never disciplined or investigated deputies for using excessive force. Plaintiff's inmate witnesses testified to other incidents of excessive force.

On cross-examination, however, Plaintiff's wife testified that she was not familiar with County policy on employee discipline or the use of force, and she could not name any deputy who joked about using excessive force. Similarly, the inmate witnesses gave few specifics about other incidents, other than one deputy, not a defendant here, who allegedly had a practice of asking an inmate to shake hands with him and then striking the inmate. Defendants also presented

4 - ORDER

the testimony of the jail commander, Dan Penland, who explained the County's use of force policy and denied any custom of using excessive force. Penland testified that the County used physical force on a tiny percentage of the thousands of inmates admitted to the jail each year.

I conclude that the jury could find Plaintiff failed to show a custom of using excessive force against inmates.

## CONCLUSION

Plaintiff's Motion For a New Trial, ECF No. 83, is DENIED.

IT IS SO ORDERED.

DATED this **3rd** day of ~~September~~ October, 2016.

                                                _____
                                                      Ann Aiken
                                      United States District Judge